UNITED STATES of America

v.

John GEORGE, Appellant.

No. 78–2560.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) June 6, 1979.

Decided July 5, 1979.

Robert J. Cindrich, U. S. Atty., Alexander H. Lindsay, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Manifesto, Doherty, Love & Talarico, John L. Doherty, Pittsburgh, Pa., for appellant.

Before WEIS, GARTH, Circuit Judges, and GERRY,* District Judge.

OPINION OF THE COURT

PER CURIAM.

John George appeals from the judgment of sentence entered on his conviction for conspiring with others to violate the Hobbs Act, 18 U.S.C. § 1951, and for substantive violations of that Act. George, who was an Assistant Superintendent of Highways for the Pennsylvania Department of Transportation (PennDOT) was tried together with John R. Torquato and Harold G. Stevens for extorting kickback payments from persons leasing equipment to PennDOT. This is a companion case to the appeal decided today in *United States v. Torquato,* 602 F.2d 564, (3d Cir. 1979), and the facts are fully set out in that opinion.

On appeal, George raises two arguments. First, he contends that his constitutional rights were violated because he was the victim of selective prosecution. Second, he contends that his conviction cannot stand because there was insufficient evidence that his criminal activities had the requisite effect on interstate commerce.

In *United States v. Torquato, supra,* we held that the government did not engage in intentional and purposeful discrimination when it prosecuted Torquato for extorting kickbacks from persons leasing equipment to PennDOT. Our decision there is dispositive of George's contention that he was the victim of selective prosecution.

This court has recently decided *United States v. Cerilli,* 603 F.2d 415, (3d Cir. 1979), a case involving facts virtually identical to those presented on the appeals of George and Torquato. The court in *Cerilli* held that extortion of kickbacks from equipment lessors had a sufficient effect on interstate commerce to sustain a Hobbs Act conviction. Considering ourselves bound by *Cerilli,* we held in *Torquato* that Torquato's activities affected interstate commerce to a degree sufficient to sustain his conviction. *Cerilli* and *Torquato* govern George's appeal as well in this respect.

* Honorable John F. Gerry, United States District Judge for the District of New Jersey sitting by designation.

For the foregoing reasons, the judgment of sentence entered on George's conviction will be affirmed.